**Davis Polk**

James I. McClammy
+1 212 450 4584
james.mcclammy@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/2025

November 12, 2024

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re: Request to File Debtors-Appellees' Supplemental Appendix Under Seal
   *Ascent Pharmaceuticals, Inc. v. Purdue Pharma L.P., et al.*, No. 24-cv-06166 (NSR)

Dear Judge Román:

   I write on behalf of the Debtors-Appellees Purdue Pharma L.P., Purdue Pharmaceuticals L.P., and Rhodes Technologies in connection with the above-captioned appeal to respectfully request permission to file the Debtors-Appellees' Supplemental Appendix under seal. Sufficient cause exists for the Court to grant the relief requested herein because the Supplemental Appendix includes two prepetition contracts (the "Agreements") between the Debtors-Appellees and Ascent Pharmaceuticals Inc. ("Ascent") relating to the validity and enforceability of certain of the Debtors-Appellees' patents.

   It is well established that a party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal citation omitted). Among those higher values, courts have routinely found that good cause exists to protect from public disclosure confidential business or commercial information. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access." (internal citation and quotations omitted)), *aff'd sub nom. Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (granting redaction request "[i]n the interest of protecting confidential business information"). The structure and certain terms of the Agreements constitute confidential commercial information. Disclosure of the specific terms of the Agreements could provide unique insight to companies in negotiating future transactions with the Debtors-Appellees on a wide range of commercial issues, which could disadvantage the Debtors-Appellees in such future negotiations. The Debtors-Appellees therefore seek to keep this information under seal in order to prevent the deleterious effects of disclosure.

   Based on the Debtors-Appellees' representation that the Supplemental Appendix contains confidential information, the Debtors-Appellees respectfully request the Court permit the Debtors-Appellees to file the Supplemental Appendix under seal.

Respectfully submitted,

/s/ *James I. McClammy*

James I. McClammy

*MEMO ENDORSED*

The parties have submitted several separate requests to file papers under seal. The parties are directed to confer and file a single proposed order addressing the documents and docket entries, if any, they wish to have under seal. The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 8, 13, and 14.
Dated: April 2, 2025
   White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge